J. LOGAN FAY, PLAINTIFF IN ERROR, v. HAYES L. THORNTON AND HARLEY THORNTON, PARTNERS, DEFENDANTS IN ERROR.

Argued November 5, 1909—Decided June 17, 1910.

It is only when the statutory plea has been filed by the owner, setting up that the building is not liable to the plaintiff's debt, that it becomes necessary for the plaintiff to prove on the trial that the provisions of the Mechanics' Lien act had been complied with by him.

On writ of error to Union Circuit Court.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff in error, *William R. Wilson*.

For the defendants in error, *John J. Stamler*.

The opinion of the court was delivered by

REED, J.   This writ brings up a judgment against J. Logan Fay in an action against him on a mechanics' lien claim.   The action is against J. Logan Fay, builder, and J. Logan Fay and Rose Fay, owners.   These defendants filed a plea of the general issue.

Upon the trial, on January 12th, 1909, a verdict was returned against the defendants, both generally and specially, for $930.01 and a general and special judgment was entered upon this verdict on January 15th, 1909.   The defendants did not appear on the trial, and therefore no exception was taken.   The errors upon this hearing must therefore be confined to common errors.

A writ of error was sued out May 10th, 1909.   Afterward, in June, 1909, a writ of *certiorari* was allowed to bring up the out branches of record.   The record so returned included a mechanics' lien filed March 14th, 1906, the endorsement thereon of issuance of summons on March 14th, 1906, and a notice of application to be made on January 5th, 1909, for leave to amend the lien claim, and an order on the same date granting such leave; and the amended lien claim filed January 5th, 1909.

The errors assigned which attack the general judgment are directed to an alleged variation between the declaration and the contract attached to and made a part of it.   In proof of such variance it is pointed out that the body of the declaration charges that the money sued for was to be paid if the plaintiff "would alter, change and finish a certain building" in the contract mentioned; but that the contract was to "erect and furnish the mason work and the carpenter work in connection with the moving of a certain building."

This point is frivolous, for the work is to be done according to specifications which are not attached to the contract, and which, for all that appears, involved the alteration and furnishing of the moved building.

The remaining errors are directed at the special judgment which fixes the lien upon the property of the defendants. It is sufficient to say that there is no statutory plea that said buildings are not liable to plaintiff's debt, and it is only when such plea is filed that it becomes necessary for the plaintiff to prove that the provisions of the Mechanics' Lien act had been complied with. *Pamph. L.* 1898, *p.* 548, § 24; *Tomlinson* v. *De Graw, 2 Dutcher* 73.

In the condition of the record as to pleading and errors assignable, none of the errors assigned are available to reverse the judgment, and it must be affirmed.